## PARISH VS. GILMORE

PLEADING: JUSTICE'S COURT. (1) *Defective oral complaint cured by verdict.*
BAILMENT: (2) *Degree of care required in one's trade.* (3) *Bailee must follow instructions.* (4, 5) *Burden of proof.*

1. An *oral complaint* in justice's court, upon which the parties went to trial on the merits, without objection, though quite informal, *held* sufficient after verdict and judgment.
2. One who undertakes for hire to perform an act in his trade or employment, is bound to exercise due care and skill about its performance.
3. A cloakmaker who undertakes to cut a cloak for another person, is bound to exercise reasonable skill and care, and to perform the work in a workmanlike manner; and if he is directed to cut the cloak as long as the cloth will allow, is bound to obey the instruction.

Parish vs. Gilmore.

4. But in an action against a cloakmaker for violating such an instruction, plaintiff must prove the amount of cloth furnished, and that the cloak might have been cut from that amount longer than it was.

5. In such an action, it appeared that plaintiff's wife (who bought the cloth) *intended* to purchase two yards, and *paid for* that quantity; and a witness testified that he "sold her two yards and measured it himself," but did not testify that he knew she got two full yards, and that he made no mistake in the measurement. There was testimony for defendant tending to show that the piece of cloth did not contain two full yards. *Held*, that the plaintiff failed to prove the essential fact as to the quantity of the cloth.

APPEAL from the Circuit Court for *Waupaca* County.

This action was brought in a justice's court to recover damages alleged to have resulted from defendant's negligence in cutting and fitting a cloak for plaintiff's wife. The facts are stated in the opinion. The justice rendered judgment for plaintiff for $4.50 damages, and $14.43 costs of suit. The defendant appealed to the circuit court, which reversed the judgment of the justice, and gave judgment in favor of defendant for $28.49, costs of suit; from which judgment plaintiff appealed.

*E. L. Browne* and *John Fordyce*, for appellant, argued that the complaint was sufficient under the statutes. Tay. Stats., 1362, sec. 5, subds. 2 and 5. It is too late to object to the suf ficiency of a complaint, after defendant has gone to trial on the merits without objection. *Taylor v. Wilkinson*, 22 Wis., 40; *Morris v. Husson*, 8 N. Y., 204. These authorities clearly establish that defects in a complaint which might have been obviated, had objections been made in season, cannot be urged in the appellate court to reverse a judgment. There being a preponderance of testimony to sustain the justice's judgment, it was error for the circuit court to reverse the judgment. *Persons v. Burdick*, 6 Wis., 63: *Edmister v. Garrison*, 18 id., 603.

*Myron Reed*, for respondent, to the point that the complaint was defective as not stating a cause of action, and not good even after verdict, cited *Harris v. Harris*, 10 Wis., 467. At the most, defendant was only a bailee for a particular purpose,

to perform a particular act in his trade or calling; and in doing this, he was bound to exercise ordinary care and diligence, and to perform the work in a workmanlike manner. 2 Kent's Com., 780. The question in this court in cases like the present is, "whether upon the record the judgment of the court below was right or wrong." *Hassa v. Junger*, 15 Wis., 598.

COLE, J. This action was commenced in a justice's court, to recover damages resulting from the alleged negligence of the defendant in cutting and fitting a cloak for the plaintiff's wife. It is claimed that the defendant disregarded instructions, and cut the cloak too short. The complaint was oral, and it is now insisted on the part of the defendant that it is radically defective and insufficient. No objection was taken to the complaint on the trial. The parties went to trial on the merits, and although the complaint is quite informal, it must be held sufficient after verdict and judgment.

Considering the case upon the record, we are inclined to think the judgment of the circuit court was correct. Of course there is and can be no doubt about the correctness of the proposition, that where a party undertakes for hire to perform a particular act in his trade or employment, he is bound to the exercise of due care and skill about the act he undertakes to perform. If the defendant, being a cloakmaker, undertook to cut a cloak for the plaintiff, he was doubtless bound to the exercise of reasonable skill and care in his business, and to perform the work in a workmanlike manner. This principle is elementary. Moreover, if the defendant was directed to cut the cloak as long as the cloth would allow, it was his duty to obey these instructions. About all this, there is no room for controversy. If it appeared that the defendant did not use a degree of skill adequate to the due performance of the work he undertook to do, or disregarded the instructions which were given him to cut the cloak as long as the cloth would allow, he would be liable for any loss or injury sustained by the plaintiff. But the diffi-

culty with the case is, that the testimony does not show that the defendant did not cut the garment as long as the cloth would admit of. It is assumed on the part of the plaintiff that there were two yards of cloth in the piece, and that from that quantity of cloth the cloak might have been cut longer than it was. But there is no positive evidence in the record that there were two yards in the piece. It does appear that the plaintiff's wife intended to buy two yards of cloth, and that she paid for that quantity. The witness H. J. Stetson says that he sold her two yards of beaver cloth for a cloak, and measured it himself. He does not, however, say that he knows that she got full measure, and that he made no mistake in measuring the cloth. On the contrary, the defendant says there was not full measure, and we are inclined to think from the evidence that there was not. The probabilities are, we think, that the merchant made a mistake in his measure. And as the plaintiff did not prove the fact that there were two yards of cloth in the piece, he failed in the most material part of his case. He should have shown that there was cloth enough, so that the cloak could have been cut longer than it was.

For these reasons we think the judgment of the circuitt court was correct, and must be affirmed.

*By the Court.* — Judgment affirmed.